UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK MAYES,

        Plaintiff,

    v.

ALEXANDER OHASHI and ACE PARKING,

        Defendants.

CASE NO. C18-0696 RSM

ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. #6. Plaintiff asks the Court to appoint counsel in this retaliation/discrimination case on the basis that he has contacted several legal firms but they "stated that the case wasn't paying enough money or that they didn't work on cases of that nature." *Id.* The case was filed in this Court on May 18, 2018, but has not yet been served on Defendants. Dkts. #5 and #7. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. #4.

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954

ORDER
PAGE - 1

(9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

In his Complaint, Plaintiff alleges that his hours of employment at the Fairmont Hotel were reduced in retaliation for complaining about a racist remark that a co-worker made to him. Dkt. #5 at 3. He further asserts that as a result of the reduction in hours he was forced to quit his job because he could no longer pay his rent. *Id.* Finally, he alleges he was subjected to disparate treatment. *Id.* There are no other details alleged in the Complaint, and the Complaint does not explain how the named Defendants were involved.

At this early stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to examine whether Plaintiff's claims appear to have merit.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion to Appoint Counsel (Dkt. #6) is DENIED without prejudice. This Order does not preclude Plaintiff from re-filing this motion once a factual record pertaining to his claims have been more fully developed.

DATED this 8th day of June 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2